IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LAWRENCE ARNOLD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-04107-CV-C-NKL |
| ) | |
| DAVE DORMIRE, et al., ) | |
| ) | |
| Respondent. ) | |

**ORDER**

On October 12, 2010, the Court entered an Order denying Lawrence Arnold's ("Arnold") Petition for Writ of Habeas Corpus, pursuant to § 2254 [Doc. # 11]. Arnold then filed a Motion for a Certificate of Appealability [Doc. # 15], which is currently pending before the Court. Arnold's motion is based on three grounds: 1) whether the Missouri Court of Appeals, in accord with *Jackson v. Virginia*, 443 U.S. 307 (1979), correctly affirmed the trial court's finding that a "dangerous weapon" had been used by Arnold, 2) whether alleged error by the Missouri Court of Appeals in applying Missouri law affects a federal court's review of the "reasonableness" of trial counsel's representation, and 3) whether alleged failure of Missouri's post-conviction counsel system could provide legal "cause" to excuse Arnold's failure to preserve his claims during his state post-conviction appeals process. For the following reasons, the Court grants a Certificate of Appealability as to grounds two and three, but denies it as to ground one.

**I.      Background**

Arnold was convicted of the class A felonies of attempted escape from confinement and kidnapping, and the unclassified felony of armed criminal action. He received consecutive

sentences of 30 years, 250 years, and life imprisonment. On March 5, 2007, the Missouri Court of Appeals denied Arnold's direct appeal and affirmed his convictions. *State v. Arnold*, 216 S.W.3d 203, 210 (Mo. Ct. App. 2007). On May 30, 2007, Arnold filed a pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15. Counsel was appointed and Arnold filed an amended Rule 29.15 motion. On June 16, 2008, the circuit court denied Arnold's Rule 29.15 motion, and Arnold filed an appeal with the Missouri Court of Appeals. By an order dated August 10, 2009, the Court of Appeals denied Arnold's appeal. *Arnold v. State*, 303 S.W.3d 567 (Mo. Ct. App. 2009). On May 16, 2010, Arnold filed a Petition for writ of habeas corpus in this Court, which the Court denied.

## II.     Legal Standard

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To satisfy this standard, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id. See also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted).

## II.     Ground One: Arnold's Claim that he was Denied his Right to Due Process Because he was Convicted of Offenses that Required use of a Dangerous Instrument when the Evidence was Legally Insufficient to show that the Alleged Instrument was a Dangerous Instrument Under Missouri Law

Two of Arnold's convictions were the class A felony of attempted escape from confinement and the unclassified felony of armed criminal action. A common element to each crime is the use of a "dangerous instrument." According to Missouri Revised Statute § 556.061.9,

2

"dangerous instrument" means "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." Arnold argues that the Missouri appellate courts have interpreted the definition of "dangerous instrument" in a manner that "define[s] an element out of existence" or "ignore[s] the element." [Doc. # 15, at 3-4 (quoting *Goldyn v. Hayes*, 444 F.3d 1062, 1070 (9th Cir. 2006)]. According to Arnold, this is reviewable in a federal habeas petition because such action violates the well established law of *Jackson v. Virginia*, 443 U.S. 307 (1979), which requires that every element of a crime be proved beyond a reasonable doubt.

In a § 2254 habeas petition, a federal court can grant relief if it finds that decisions of state courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). "[C]learly established law under § 2254(d)(1) consists of the holdings, as opposed to the dicta, of [the Supreme] Court's cases. An unreasonable application of that law involves not just an erroneous or incorrect decision, but an objectively unreasonable one." *Wong v. Smith*, ---U.S.---, 2010 WL 752363, at *2 (Nov. 1, 2010) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Renico v. Lett*, 559 U.S. ----, 130 S.Ct. 1855 (2010)).

Here, under the Missouri statute at issue, a "dangerous instrument" means "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." Mo. Rev. Stat. 556.061 (9). Missouri courts have interpreted this to mean that "determining whether an ordinary object constitute[s] a dangerous instrument turn[s] on whether the defendant knowingly used the object in a manner in which it was readily capable of causing death or serious physical injury." *State v. Williams*, 126

3

S.W.3d 377, 384 (Mo. 2004). This interpretation was applied by the Missouri Court of Appeals in Arnold's case. *State v. Arnold*, 216 S.W.3d 203, 205-206 (Mo. Ct. App. 2007) ("Missouri courts have found a variety of seemingly innocuous objects to be dangerous instruments by analyzing whether the defendant knowingly or purposely used the object in a manner in which it was readily capable of causing death or serious physical injury.").

Arnold appears to argue that Missouri courts' interpretation of Missouri law removes the element requiring the object to be "readily capable of causing death or serious physical injury" from the definition of "dangerous instrument." Thus, according to Arnold, the interpretation itself is an "unreasonable application" of the holding of the Supreme Court case, *Jackson v. Virginia*. [Doc. # 10, at 11]. "The 'critical inquiry' [in *Jackson*] is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Rasheed v. Smith*, 221 Fed. Appx. 832, 834 (11th Cir. 2007) (citing *Jackson*, 443 U.S. at 318-19). The Ninth Circuit Court of Appeals explained the holding of *Jackson* by way of example:

> [C]onsider a state court that is trying a murder case, where the state's definition of murder includes the requirement that the victim be dead. If there is uncontroverted evidence and a factual finding by the state court that the victim is only badly injured-say, comatose-then the state court cannot uphold the defendant's conviction. On federal habeas review, we would be compelled to conclude that the evidence was insufficient to support the conviction. We would not be forced to accept the state court's decision to interpret "dead" as meaning "badly injured" because such an expansion of the criminal statute would violate the defendant's clearly established federal due process rights.

*Goldyn v. Hayes*, 444 F.3d 1062, 1070 n.12 (9th Cir. 2006) (citing *Jackson*, 443 U.S. at 318-19, 323-34; 28 U.S.C. § 2254(d)(1)).

First, "issues concerning the interpretation and application of state law are not cognizable in federal habeas review." *Steinbruegge v. Dormire*, No. 4:09CV1210MLM, 2010 U.S. Dist. LEXIS 62303, at *62 (E.D. Mo. June 23, 2010) (citing *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *Higgins v. Smith*, 991 F.2d 440, 442 (8th Cir. 1993); *Jones v. Armontrout*, 953 F.2d 404, 405 (8th Cir. 1992)). Moreover, "a federal court is 'bound by a State's interpretation of its own statute and will not substitute [the federal court's] judgment for that of the State's when it becomes necessary to analyze the evidence for the purpose of determining whether that evidence supports the findings of a state court.'" *Steinbruegge*, 2010 U.S. Dist. LEXIS 62303, at *63 (quoting *Garner v. Louisiana*, 368 U.S. 157, 166 (1961)).

Additionally, it is not as apparent as Arnold contends, that the Missouri Court of Appeals' interpretation of "dangerous instrument" deletes an essential element of the definition. The court's interpretation does not ignore the phrase "readily capable of causing death or serious physical injury," but rather explains the preceding clause in the definition, "under the circumstances in which it is used." Holding a sharp ball point pen to the neck of a person and threatening to kill her with it is evidence sufficient to support Arnold's conviction under Missouri law and Arnold's reliance on *Jackson* is misplaced.

Therefore, the Missouri Court's decision concerning the definition of "dangerous instrument" did not involve an unreasonable application of clearly established federal law and no reasonable jurist could conclude that its decision was objectively unreasonable. The Court denies Arnold's request for a certificate of appealability on Ground One.

**III.     Ground Three: Arnold's Claim that he was Denied Effective Assistance of Trial Counsel Because Trial Counsel Failed to Request an Instruction for False Imprisonment as a Lesser-Included Offense to Class A Kidnapping**

Arnold claims that he was denied effective assistance of trial counsel because his trial counsel failed to request an instruction for false imprisonment as a lesser-included offense to kidnapping. Missouri Revised Statute § 556.046 requires that a court provide a lesser-included offense instruction if "there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." The Missouri Court of Appeals determined that state law did not entitle Arnold to an instruction on false imprisonment. This Court held that it was bound by that decision because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

Arnold argues that even if a federal court were unable to review the Missouri Court of Appeals' interpretation of state law, that would not hamper the court's consideration of whether he was denied effective assistance of trial counsel. According to Arnold, such an inquiry is independent of the Missouri Court of Appeals' determination. Effectively, Arnold contends that reasonable jurists could debate whether his trial counsel had been ineffective such that he was denied his Sixth Amendment right to counsel, despite the Missouri Court of Appeals' ruling that Arnold was not entitled to a lesser-included offense instruction. However, if Arnold was not entitled to a lesser included instruction, then there could be no prejudice and the second prong of *Strickland* would not be satisfied. Nor would there be a basis for finding that Arnold's counsel was ineffective because he failed to ask for an instruction to which he was not entitled.

While it night be argued that the Missouri Court of Appeals applied the wrong standard under Missouri law to determine whether a lesser included instruction should have been given,

6

*see, State v. Pond*, 131 S.W.3d 792, 794 (Mo. 2004) (en banc), the proper way to challenge that finding was to seek review to the Missouri Supreme Court.

Nonetheless, out of an abundance of caution, the Court will grant a Certificate of Appealability as to Ground Three.

## VI.   Grounds Four through Thirteen

Arnold failed to raise claims numbered four through thirteen from his original habeas petition in either his direct appeal or in his post-conviction appeal. [Doc. # 3, 13-28]. Arnold argues that these claims, however, are not procedurally barred because the "systemic failure of the public defender system to provide statutorily mandated representation" [Doc. # 10, at 20] is a sufficient cause external to his defense that excuses his claims from procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (procedural default can be excused by demonstrated "cause for the default and actual prejudice as a result of the alleged violation of federal law."); *Banks v. Dretke*, 540 U.S. 668, 696 (2004) ("The 'cause' inquiry . . . turns on events or circumstances 'external to the defense.'"). The Eighth Circuit Court of Appeals has held that "[e]rrors made by [post-conviction] counsel are not actionable as cause to excuse procedural defaults for habeas purposes," *Taylor v. Bowersox*, 329 F.3d 963, 971 n.13 (8th Cir. 2003). However, the Court of Appeals has yet to consider whether systemic failure of the public defender system could excuse post-conviction counsel's failure to preserve Arnold's claims. Because the issue has not been reviewed and because reasonable jurists might debate the issue, a certificate of appealability is granted on this ground as well.

## V.   Conclusion

For the foregoing reasons, it is hereby

ORDERED that Petitioner's Motion for a Certificate of Appealability is GRANTED as to grounds two and three, but DENIED as to ground one.

       s/ Nanette K. Laughrey
       NANETTE K. LAUGHREY
       United States District Judge

Dated: December 22, 2010
Jefferson City, Missouri